IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 11 2005

MATTHEW J. DYKMAN
CLERK

ROBERT CHARLES CONNOLLY,

    Plaintiff,

v.

    No. CIV-05-0234 WJ/LFG

SOUTHERN NEW MEXICO
CORRECTIONAL FACILITY, et al.,
CAPTAIN LOPEZ,
SEVERAL UNKNOWN CORRECTIONAL OFFICERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(a), and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights Complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons stated below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). And, according to the provisions of 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available



are exhausted." In reviewing Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that Defendant Lopez and other corrections officers injured him by use of excessive force. He contends that the Defendants' conduct violated a number of his constitutional rights. The complaint seeks damages.

Plaintiff states in his complaint that he has not exhausted administrative remedies because "the only available avenue is through the very same people who ordered the torture." On the other hand, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), *quoted in Gonzales-Liranza v. Naranjo*, No. 02-2110, 2003 WL 22255886, at **3 (10th Cir. Oct. 2, 2003). "The Supreme Court has declined to read 'futility or other exceptions' into the PLRA's exhaustion requirement." *Hamby v. Jordan*, No. 02-6253, 2003 WL 294425, at **1 (10th Cir. Feb. 7, 2003) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). Plaintiff's allegations are insufficient to excuse him from the statutory exhaustion requirement, and his complaint will be dismissed.

IT IS THEREFORE ORDERED that the Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE